# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NIKOLAUS BOSCARINO

        Petitioner,          :        Case No. 3:15-cv-417

  - vs -                             District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
 Lebanon Correctional Institution,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Nikolaus Boscarino brings this habeas corpus action *pro se* to obtain relief from his conviction in the Montgomery County common Pleas Court for felonious assault and misdemeanor assault with a repeat violent offender specification (Petition, ECF No. 1, ¶¶ 1, 5, PageID 1.)  The case was initially filed in Cincinnati, but transferred to Dayton pursuant to S. D. Ohio Civ. R. 82.1 which requires habeas corpus cases to be filed at the location of court serving the county in which the state court judgment complained of was filed (Order, ECF No. 3).

On February 20, 2015, Mr. Boscarino filed a prior habeas corpus action collaterally attacking the same state court judgment, Case No. 3:15-cv-072.  That case was dismissed with prejudice on September 8, 2015.  *Boscarino v. Moore*, 2015 U.S. Dist. LEXIS 119411 (S.D. Ohio Sept. 8, 2015)(Rice, J.)  No appeal has been taken from that judgment and the time for appeal has expired.  Boscarino acknowledges this prior case in his present Petition (ECF No. 1, ¶ 11, PageID 4.)

1

Petitioner pleads two grounds for relief

> **Ground One:** Ineffective assistance of counsel
>
> **Supporting Facts:** Trial counsel never challenged the effectiveness of the testimony given by Officer Smith. Pictures of officer's condition was [sic] never challenged in open court. At no time was officer's ongoing condition questioned concerning previous head issues.
>
> **Ground Two**: Evidence was not sufficient to support conviction.
>
> **Supporting Facts:** Petitioner's MMA record was presented as evidence only in a he said theory of assault. No factual evidence to support an assault was presented.

*Id.*

In the prior case, Boscarino pled the following grounds for relief:

> **Ground One:** The prejudicial effect of allowing evidence regarding Petitioner's history as a Mixed Martial Arts fighter denied Petitioner his right to a fair trial.
>
> **Supporting Facts:** 1) Petitioner's counsel filed a motion in limine in the trial court seeking to exclude this evidence due to its prejudicial effect; 2) the trial court overruled the motion in limine and admitted the evidence; 3) the trial court instructed the jury during voir dire that " Defendant is a mixed martial arts fighter"; 4) An investigating officer testified about finding several cards in Petitioner's wallet identifying him as a mixed martial arts fighter, and about doing internet research confirming that Petitioner was a mixed martial arts fighter; 5) The prosecutor mentioned that Petitioner was a mixed martial arts fighter twice during his closing argument; 6) No evidence was presented regarding Petitioner's training, experience, or record as a mixed martial arts fighter.
>
> **Ground Two:** Petitioner's trial counsel provided ineffective assistance due to his failure to renew the objection at trial to evidence regarding Petitioner's history as a mixed martial arts fighter.
>
> **Supporting Facts:** 1) Petitioner's counsel filed a motion in limine in the trial court seeking to exclude this evidence due to its prejudicial effect; 2) the trial court overruled the motion in limine and admitted the evidence; 3) the trial court instructed the jury

> during voir dire that "Defendant is a mixed martial arts fighter"; 4) An investigating officer testified about finding several cards in Petitioner's wallet identifying him as a mixed martial arts fighter, and about doing internet research confirming that Petitioner was a mixed martial arts fighter; 5) The prosecutor mentioned that Petitioner was a mixed martial arts fighter twice during his closing argument; 6) Petitioner's trial counsel failed to object to any of these references or testimony, thus waiving the issue for any direct appeal, and forcing Petitioner's appellate counsel and current counsel to assert ineffective assistance of counsel.
>
> **Ground Three:** The evidence presented at trial was insufficient to support Petitioner's conviction.
>
> **Supporting Facts**: 1) No witness was able to testify as to the cause of Officer's Smith's injury to the back of his head, 2) Off. Smith had no idea how he inured the back of his head, 3) Off. Smith's injuries are attributable to other, previous injuries, 4) The State was required to prove Petitioner knowingly caused serious physical injury to Off. Smith, 5) Because no evidence was presented as to the cause of Off. Smith's concussion to the back of his head, the State failed to meet its burden beyond a reasonable doubt.

(Case No. 3:15-cv-072, Petition, ECF No. 1.)

28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Upon examination, Ground Two in the instant Petition is the same claim made in Ground Three in the prior Petition. Therefore, it must be dismissed.

§ 2244(b)(2) provides that a claim not presented in a prior application shall be dismissed unless the petitioner first obtains permission to proceed from the circuit court of appeals. Ground One in the instant Petition makes a claim of ineffective assistance of trial counsel. Although Ground Two in the prior Petition also claimed ineffective assistance of trial counsel, it was on a different basis, i.e., Petitioner claimed a different failure on the part of his trial counsel in the prior case than he does in this one.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that Ground Two in the instant Petition be DISMISSED and Ground One TRANSFERRED to the Sixth Circuit for that Court's determination of whether or not it may proceed.

November 23, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).